IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 24-cr-00018-RMR

UNITED STATES OF AMERICA,

Plaintiff,

v.

HUMZAH MASHKOOR,

Defendant.

---

**GOVERNMENT'S OBJECTION TO PRESENTENCE REPORT**

---

On February 25, 2026, the United States Probation Office filed an initial Presentence Report ("PSR") for the defendant, Humzah Mashkoor. ECF No. 334. The government respectfully submits this objection to clarify its position on two issues—neither of which affects the Guidelines calculation in this case, but both of which may be relevant to the Court's more general considerations at sentencing. *First*, the PSR indicates that the "defendant is a lifetime resident of the Denver metropolitan area with the exception of residing in Houston, Texas, from 2021 to 2023." PSR ¶ 70. The government, however, submits that between 2021 and 2023 the defendant split his time between Colorado and Texas. *Second*, the PSR states that the Sentencing Guidelines imprisonment range for attempting to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B would have been a "151-to-181 month guideline range…" PSR ¶ 110. The government submits that the Guidelines

calculation for a § 2339B charge would have been 292–365 months imprisonment, which would have been capped at 240 months under § 2339B.

**1. The defendant split his time between Colorado and Texas during 2021 to 2023.**

The PSR states that the defendant's "family moved to Houston, Texas, in March 2021." PSR ¶ 68. And that: "In 2023, the family returned to Colorado. The defendant divided his time between his parents and his maternal grandmother's residence." PSR ¶ 68. The PSR also states that "[t]he defendant is a lifetime resident of the Denver metropolitan area with the exception of residing in Houston, Texas, from 2021 to 2023." PSR ¶ 70. To the extent that these paragraphs of the PSR might be understood to mean that the defendant continuously resided in Texas from 2021 through 2023, the government submits this objection to clarify that between 2021 and 2023 the defendant spent much of his time living with his grandmother in Colorado.

Although the defendant's mother and step-father moved to Texas in 2021, the defendant's step-father testified at a detention hearing in this case that the defendant "was not happy and wanted to move back to Colorado and wanted to live with this grandmother." ECF No. 104-1 ("Hr'g Tr.") at 106. The defendant then started coming back to Colorado and staying for significant periods of time with his grandmother. *See id.* According to the defendant's step-father, "for a number of months Humzah was primarily in Colorado, and [defendant's mother] would go for a week at a time and then come back for three or four weeks and then go for a week and et cetera." *Id.* at 107. The defendant's step-father further testified: "And then, in April or May of 2023, we moved back to Colorado so that we could be near him. He didn't want to live with us. He still

wanted to live with a grandmother. So we looked at it as a temporary thing. So we got a townhouse near to his grandmother's." *Id.*

During the time his mother and step-father were living in Texas, the defendant spent much of his time living with his grandmother in Colorado. On cross-examination, the defendant's step-father testified before the defendant's arrest in December 2023, the defendant "lived with his grandmother for the last two years primarily." Hr'g Tr. at 130. The defendant's step-father explained that while the defendant's parents lived in Texas, what the defendant "used to do is stay with us for a week or two weeks and then go to the grandmother's for maybe two months and then come back for a week and then go for three months and et. cetera." *Id.* at 130-31. In his step-father's view, the defendant "visited us intermittently while we were in Texas." *Id.*[1]

This is not to say, however, that the defendant exclusively resided with his grandmother in Colorado between 2021 and 2023. As the government has previously noted, information in this case demonstrates that the defendant did spend time with his mother and step-father in Texas before they moved back to Colorado, including from January 2023–February 17, 2023; February 22, 2023–April 14, 2023; and April 4, 2023–May 18, 2023. *See* ECF No. 104 at 14 n.7. And, after the defendant's mother and step-father moved back to Colorado, the defendant resided with them from approximately late October 2023 until the time of his arrest in December 2023.

[1] The defendant's presence in Colorado during this time is also reflected in a Thornton Police Department incident report concerning an altercation between the defendant and his uncle in Thornton, Colorado on July 11, 2022.

As noted above, although this information does not affect the Guidelines calculation in this case, the government provides this clarification to the extent the defendant's location and the nature of supervision at that location are relevant to this Court's considerations at sentencing.

**2. The Guidelines calculation for a § 2339B charge would have been 292–365 months imprisonment.**

The defendant was indicted on one count of attempting to provide material support and resources to a foreign terrorist organization in violation of 18 U.S.C. § 2339B. *See* ECF No. 22 at 1. Under the parties' plea agreement, the government agreed to dismiss that § 2339B charge and the defendant has instead pled guilty to an information charging a violation of 18 U.S.C. § 2339C(c)(1)(A), (c)(2)(A). ECF No. 326 at 2. Although the government agrees with the Guidelines calculation for the offense of conviction, *see* PSR ¶¶ 45–56, the government disagrees that had the defendant "been convicted of Count 1 of the Indictment [the § 2339B charge], he would have faced up to 20 years' imprisonment, and the 151-to-188 month guideline range would have applied," PSR ¶ 110. The government submits that had the defendant been convicted of violating § 2339B, the Guideline sentencing range would have been 292–365 months imprisonment, which would have been capped at 240 months under § 2339B's 20-year statutory maximum.[2]

[2] It may be that the PSR's reference to 151-to-188 months for a § 2339B violation is a mere scrivener's error. As reflected in the plea agreement, the Guideline range for the § 2339C violation to which defendant is pleading guilty is 151–188 months (but capped the statutory maximum of 120 months). ECF No. 326 at 19, ¶ h.

The reason for that difference is that different Guidelines provisions apply to certain § 2339C and § 2339B convictions: U.S.S.G. § 2X3.1 applies to § 2339C(c)(2)(A) (the offense of conviction here) and U.S.S.G. § 2M5.3 applies to § 2339B (the original charge in the Indictment). Pursuant to § 2M5.3, the base offense level for providing material support or resources to a designated foreign terrorist organization in violation of § 2339B is 26. *See* U.S.S.G. § 2M5.3. Under § 3A1.4, applicable to terrorism offenses, the offense level increases by 12—resulting in an offense level of 38—and the criminal history category "shall be Category VI." *See* U.S.S.G. § 3A1.4. If the defendant demonstrates acceptance of responsibility by timely pleading guilty, the offense level decreases by 3 levels. *See* U.S.S.G § 3E1.1. Thus, the total offense level for a § 2339B conviction would have been 35, with a resulting Guideline range at criminal history Category VI of 292–365 months. The sentence, however, would have been capped at the statutory maximum of 240 months (20 years) under § 2339B.

Again, this does not affect the Guidelines range that will apply at sentencing in this case. But the government provides this clarification to the extent it is relevant to the Court's considerations at sentencing.

Respectfully submitted this 11th day of March, 2026.

PETER MCNEILLY
United States Attorney

By: *s/ Laura Cramer-Babycz*
Laura Cramer-Babycz
Jasand Mock
Assistant U.S. Attorneys
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: Laura.Cramer-Babycz@usdoj.gov
Jasand.Mock@usdoj.gov
Attorneys for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to all counsel of record.

*s/Rachel Sanchez*
Legal Assistant
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Email: rachel.sanchez@usdoj.gov